UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BROWN | : CIVIL NO: 05-2808 (JCL) |
| Petitioner, | : |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA | : |
| Respondent. | : |

**LIFLAND, District Judge**

On or about March 17, 2003, Petitioner entered a plea of guilty to a one-count Information that charged him with illegal re-entry into the United States on or about July 26, 2002, after being deported following the commission of an aggravated felony. On March 17, 2003, Petitioner entered a guilty plea, admitting to all of the essential elements of the offense, confirming the agreements set forth in the plea agreement, and stating that he was fully satisfied with the counsel, representation and advice given to him by his attorney.

Petitioner's instant motion under Rule 60 (b) (6) claims ineffective assistance of counsel and violations of his Fifth and Sixth Amendment Rights pursuant to United States v. Booker, 125 S. Ct 738 (2005). He argues that he was denied effective assistance of counsel at the plea hearing, at sentencing, in counsel's not discussing the direct appeal process, and in counsel's not filing an appeal or a writ of certiorari.

BOOKER CLAIM

Petitioner cannot raise a claim under Booker because the Third Circuit has held that Booker is not applicable to petitioners whose convictions had become final before Booker was decided. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). Petitioner's case became final on

direct review when the period for filing a Notice of Appeal in the Third Circuit Court of Appeals expired on July 3, 2003, well before Booker was decided on January 12, 2005. Petitioner's claim that his sentencing under the United States Sentencing Guidelines violated the Sixth Amendment is really a claim under Booker and as Booker does not apply to his case, there is no basis for relief under Rule 60 (b) (6).

INEFFECTIVE ASSISTANCE

Petitioner appears to argue that his statements at the Rule 11 Hearing were ineffective and should be ignored. No basis for that argument appears in the record. Petitioner allocuted to the elements of his offense and specific offense characteristics applicable thereto, and stipulated to the enhancement in the plea agreement that he had signed on January 28, 2003. He likewise expressed complete satisfaction with his counsel's performance, and counsel cannot be faulted for failing to preserve claims that Petitioner in fact did not possess. Moreover, Petitioner was advised of his right to appeal his sentence at the conclusion of the sentencing proceeding.

There is no basis whatsoever for a finding of ineffective assistance of counsel and no facts are alleged which would require the Court to conduct an evidentiary hearing on that claim.

Accordingly, Petitioner's motion under Rule 60 (b) (6) must be denied.


/s/ John C. Lifland, U.S.D.J.


DATED: September 28, 2006